IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELA MOORE,

        Plaintiff,

vs.                              No.  CV 01-364 JP/KBM

K-MART CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 18, 2001 Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11).  After carefully considering the pleadings, the relevant case law, and the arguments of the parties, I find that the motion is not well-taken and should be DENIED.

Plaintiff Angela Moore, who proceeds *pro se* in this case, alleges she was not hired by Defendant K-Mart Corporation at its store in Carlsbad, New Mexico because of her race, African-American.  The Amended Complaint contains racial discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, under 42 U.S.C. § 1981, and under the New Mexico Human Rights Act, N.M. Stat. Ann. 1978 § 28-1-7, *et seq.* (Repl. Pam. 2000).

Defendant contends in its motion that Plaintiff's Complaint fails to state a claim upon which relief may be granted because it was not timely brought.  A private action brought to enforce a right arising under Title VII must be filed "within 90 days after the giving of . . . notice" of a right to sue.  42 U.S.C. § 2000e-5(f)(1).  Defendant asserts that the EEOC issued an Order of Non-Determination on December 27, 2000 accompanied by a Dismissal and Notice of Rights.

The Notice states:

> Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this notice, otherwise, your right to sue based on this charge will be lost.

Defendant reasons that Rule 6(e) of the Federal Rules of Civil Procedure provides a standard calculation of three days mailing time for receipt of a document, and that 93 days after December 27, 2000 was March 30, 2001, making Plaintiff's filing on April 2, 2001 untimely.[1]

Plaintiff responds that she actually received the Notice on January 3, 2001. In a later pleading entitled "Supporting Evidence," Plaintiff presents a notarized letter dated August 2, 2001 signed by Patricia A. Green. Ms. Green states that she was present at Angela Moore's house in Carlsbad, N.M. on January 3, 2001 when Ms. Moore received her Right to Sue letter.

The 90-day period to file a Title VII case under 42 U.S.C. § 2000e-5(f)(1) begins to run when the complainant actually receives the EEOC notice of right to sue. <u>Witt v. Roadway Express</u>, 136 F.3d 1424, 1429 (10th Cir. 1998). Plaintiff has at least raised a question of disputed fact as to the date she received the notice from EEOC. Ninety days from January 3, 2001 was April 4, 2001, which would make Plaintiff's April 2, 2001 filing timely.

Moreover, where the date of actual receipt is disputed, courts do not always apply the Rule 6(e) presumption of receipt within three days of mailing. "When the receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." <u>Lozano v. Ashcroft</u>, 258 F.3d

---

[1] It should be noted that Defendant makes no argument about the timeliness of Plaintiff's claims under the New Mexico Human Rights Act and 42 U.S.C. § 1981. Because of my disposition of the motion to dismiss the Title VII claim, I find it unnecessary to consider whether these other claims were timely filed.

1160, 1164 (10th Cir. 2001).  The Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption."  Lozano, 258 F.3d at 1165.  *See also* Witt, 136 F.3d at 1429-30 (noting argument for five-day presumption in Title VII case and remanding to determine whether presumption rebutted).  If the five-day presumption is used, then Plaintiff is deemed to have received her notice on January 2, 2001 (there is no mail delivery on January 1, a federal holiday).  Ninety days after January 2, 2001 was April 3, 2001, again making the April 2, 2001 filing timely.  I choose to utilize the five-day presumption, noting that mail during the Christmas and New Year holidays is often slow.

I conclude that Plaintiff's Title VII claim was filed in a timely manner.

THEREFORE, IT IS ORDERED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11) is hereby DENIED.

*[signature]*

CHIEF UNITED STATES DISTRICT JUDGE

For Plaintiff:  Angela A. Moore, Carlsbad, N.M., *pro se*.

Counsel for Defendant:  Raul A. Carrillo, Jr., SANDENAW, CARRILLO & PIAZZA, Las Cruces, N.M.